## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY HILL | **:** CIVIL ACTION |
| *Plaintiff,* | **:** No. |
| v. | **:** |
| | **:** JURY TRIAL DEMANDED |
| WAL-MART STORES EAST, LP, and WALMART STORE # 1884 | **:** |
| *Defendants.* | **:** |

## COMPLAINT

Plaintiff Beverly Hill, by and through her attorney, Stephen Franko, Esq., hereby files this Complaint against Defendants, and in support avers as follows:

## INTRODUCTION

Walmart ("Defendant") terminated Plaintiff Beverly Hill ("Hill"), a fifteen-year employee, for alleged excessive absences. The absences for which she was terminated, occurred during her approved medical leave to treat her shoulder tendonitis, and her approved time off to care for her dying aunt. Furthermore, Defendant terminated Hill, who is fifty-six years old, along with other long-term employees, aged fifty and older.

This action seeks equitable relief, as well as monetary damages, to redress Defendant's unlawful discrimination and retaliation, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623; the American with Disabilities Act (ADA), 42 U.S.C. § 12101; the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, and the Pennsylvania Human Relations Act, 43 P.S. §955.

1

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623; the American with Disabilities Act (ADA), 42 U.S.C. § 12101; the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, and supplemental jurisdiction over Plaintiff's related state law claims.

2.      The events or omissions giving rise to these claims, occurred within the jurisdiction of the Middle District of Pennsylvania.

3.      Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), which issued her a right to sue letter on August 3, 2016.  (See attached Exhibit A for Plaintiff's Charge and right to sue letter).

**PARTIES**

4.      Plaintiff Beverly Hill, an adult female individual, currently resides at 445 Laurel St., Scranton, PA 18508.

5.      Defendant Walmart Store # 1884, is the store at which Hill worked, located at 900 Commerce Blvd., Dickson City, PA 18519.

6.      Defendant Wal-Mart Stores East, LP, is the operating entity for Defendant Walmart Store #1884, and employed Hill at all times relevant hereto.

**FACTS**

5.      Hill, who fifty-six years old, began working for Defendant in 2000, as a stocker.

6.      On June 10, 2015, Hill's doctor diagnosed her with shoulder tendonitis.

7.      Due to the chronic pain and inability to lift her arm, her doctor restricted her from work, causing her to call out, from June 10th-June 19th.

2

8.      She was then approved for FMLA and short-term disability leave, from June 10th-June 29th.

9.      Once her leave was approved, it was retroactively deducted from her FMLA leave allowance.

10.     Hill was initially to return to work on June 29th; however, due to her continuing shoulder complications, her doctor restricted her from returning, until August 4, 2015.

11.     Her FMLA and short-term disability leaves were extended until August 3, 2015. She returned to work on that date.

12.     Upon her return to work, she was able to perform her duties, with the accommodation of other employees assisting her with lifting heavy objects.

13.     On October 14, 2015, Hill's aunt was admitted to the hospital.  She then entered hospice care in Hill's home, on October 25th, until her death.

14.     Hill's manager approved her request to use accrued vacation and personal time, to care for her aunt, for a few days in October.

15.     Then on December 8, 2015, Hill's supervisor, Ron Huber, terminated her, allegedly due to "excessive absences."

16.     The dates cited in support of Hill's alleged excessive absences, consisted of the dates of her approved medical leave, and leave to care for her dying aunt.

17.     Hill was terminated after her approved medical leave, along with several other employees, aged fifty and above.

## COUNT I
### Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623
### AGE DISCRIMINATION

18.     All preceding paragraphs are hereby incorporated, as if specifically averred herein.

3

19.    Hill was terminated for "excessive absences," as a pretext for age discrimination.

20.    Other employees in their fifties, were also terminated from the same store, during the same time period.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor, and award the following damages against Defendants:

(A)   Injunctive and declaratory relief;

(B)   Loss of back wages;

(C)   Loss of future wages;

(D)   Punitive damages;

(E)   Attorney's fees and costs;

(F)   Pre-judgment and continuing interest; and

(G)   Other such relief as the Court may deem just and proper

## COUNT II
### Pennsylvania Human Relations Act (PHRA), Title 43 P.S. § 955
### AGE DISCRIMINATION

21.    All preceding paragraphs are hereby incorporated, as if specifically averred herein.

22.    Hill was terminated for "excessive absences," as a pretext for age discrimination.

23.    Other employees in their fifties were terminated from the same store, during the same time period.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor, and award the following damages against Defendants:

(A)   Injunctive and declaratory relief;

(B)   Loss of back wages;

(C)   Loss of future wages;

(D)   Punitive damages;

(E)   Attorney's fees and costs;

(F)   Pre-judgment and continuing interest; and

(G)   Other such relief as the Court may deem just and proper

**COUNT III**
**The Family Medical Leave Act (FMLA), 29 U.S.C. § 2601**
**FMLA RETALIATION**

24.    All preceding paragraphs are hereby incorporated, as if specifically averred herein.

25.    The statute makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise" an employee's right to take leave due to "a serious health condition that makes the employee unable to perform the functions of the position..."  The statute also prohibits employers from "discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right."

26.    Defendant retaliated against Hill for taking FMLA leave, to treat her shoulder tendonitis, by terminating her for her absences during her approved leave.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor, and award the following damages against Defendants:

(A)   Injunctive and declaratory relief;

(B)   Loss of back wages;

(C)   Loss of future wages;

(D)   Punitive damages;

(E)   Attorney's fees and costs;

5

(F)   Pre-judgment and continuing interest; and

(G)   Other such relief as the Court may deem just and proper

## COUNT IV
### American with Disabilities Act (ADA), 42 U.S.C. § 12101
### <u>DISABILITY DISCRIMINATION</u>

27.   All preceding paragraphs are hereby incorporated, as if specifically averred herein.

28.   The statute prohibits discrimination against employees with physical impairments, and imposes an obligation on employers to make reasonable accommodations for individuals with disabilities.  The statute also protects employees from coercion, intimidation, threats, harassment, or interference with exercising their rights granted by the ADA.

29.   Defendant terminated Hill, who was disabled with shoulder tendonitis, after taking approved leave, to treat her disability.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor, and award the following damages against Defendants:

(A)   Injunctive and declaratory relief;

(B)   Loss of back wages;

(C)   Loss of future wages;

(D)   Punitive damages;

(E)   Attorney's fees and costs;

(F)   Pre-judgment and continuing interest; and

(G)   Other such relief as the Court may deem just and proper

## COUNT V
### Pennsylvania Human Relations Act (PHRA), Title 43 P.S. § 955
### <u>DISABILITY DISCRIMINATION</u>

30.     All preceding paragraphs are hereby incorporated, as if specifically averred herein.

31.     The statute prohibits discrimination against employees with physical impairments, and imposes an obligation on employers to make reasonable accommodations for individuals with disabilities.  The statute also protects employees from coercion, intimidation, threats, harassment, or interference with exercising their rights granted by the ADA.

32.     Defendant terminated Hill, who was disabled with shoulder tendonitis, after taking approved leave, to treat her disability.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor, and award the following damages against Defendants:

(A)   Injunctive and declaratory relief;

(B)   Loss of back wages;

(C)   Loss of future wages;

(D)   Punitive damages;

(E)   Attorney's fees and costs;

(F)   Pre-judgment and continuing interest; and

(G)   Other such relief as the Court may deem just and proper

Respectfully submitted,

/s/   Stephen H. Franko IV
Stephen H. Franko, IV
Pa ID: 306790
P.O. Box 493
Lake Winola, Pa 18625
(570) 731-3000
Counsel for Plaintiff

7